UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALVIN D. BURTON <br> 3107 GASTON AVENUE <br> MONTGOMERY, AL 36105 <br><br> Plaintiff, <br><br> vs. <br><br> ELGIN MOTOR FREIGHT, INC. <br> 1497 WILTON GROVE ROAD <br> LONDON, ON N6N 1M3, CANADA <br><br> and <br><br> CHALLENGER MOTOR FREIGHT, INC. <br> 300 MAPLE GROVE ROAD <br> CAMBRIDGE, ON N3E 1B7, CANADA <br><br> and <br><br> HERNAIDEZ E. MELENDEZ <br> 11 BANBURY ROAD <br> LONDON, ON N5Z 5E8, CANADA <br><br> and <br><br> JOHN DOE EMPLOYER #1, whose name could not be determined after reasonable due diligence <br> 1497 WILTON GROVE ROAD <br> LONDON, ON N6N 1M3, CANADA <br><br> and <br><br> JOHN DOE EMPLOYER #2, whose name could not be determined after reasonable due diligence. <br> 300 MAPLE GROVE ROAD <br> CAMBRIDGE, ON N3E 1B7, CANADA <br><br> and | CASE NO: <br><br> JUDGE <br><br><br><br><br><br><br> <u>COMPLAINT</u> <br><br> <u>(JURY DEMAND ENDORSED HEREON)</u> |

|  |  |
|---|---|
| THE INSURANCE COMPANY OF THE <br> STATE OF PENNSYLVANIA <br> 175 WATER STREET, 18TH FLOOR <br> NEW YORK, NY 10038 <br><br> and <br><br> STATE FARM MUTUAL <br> AUTOMOBILE INSURANCE <br> COMPANY <br> 1 STATE FARM PLAZA <br> BLOOMINGTON, IL 61710 <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Now comes Plaintiff Alvin D. Burton, by and through undersigned counsel, and for his Complaint against Defendants, states as follows:

**PRELIMINARY STATEMENT**

This case arises from a chain-reaction commercial motor vehicle collision, involving four separate units, which occurred on October 9, 2019, in the Township of Bath, Allen County, Ohio. That day, a commercial truck driver, Hernaidez E. Melendez ("Melendez"), employed by Elgin Motor Freight, Inc. and/or Challenger Motor Freight, and/or John Doe Employers #1 or #2, was driving a 2013 Volvo semi-tractor and attached trailer northeast on Interstate 75. The right lane of I-75 was closed, and traffic was stopped in the left lane. Melendez failed to maintain an assured clear distance ahead and failed to yield to the stopped traffic.  In doing so, Melendez violently crashed into the rear of a tractor-trailer operated by Plaintiff Alvin Burton ("Burton").  The impact was so severe Burton's truck was pushed into the truck in front of him, which was then pushed into a fourth truck.

2

As a direct and proximate result of Melendez's negligent, reckless, willful and/or wanton actions, the truck owner's negligent entrustment, and the trucking company's negligent hiring, training, supervision and retention, Plaintiff Burton sustained significant and permanent injuries.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Alvin Burton, currently resides at 3107 Gaston Avenue, Montgomery, Alabama 36105.

2. Defendant Elgin Motor Freight, Inc., ("Elgin") is registered with the Federal Motor Carrier Safety Administration with USDOT Number 465197, and is a business entity organized and existing under the laws of Canada, with its principal place of business at 1497 Wilton Grove Road, London, ON N6N 1M3, Canada, and who conducts business in the State of Ohio.

3. Defendant Challenger Motor Freight, Inc., ("Challenger") is registered with the Federal Motor Carrier Safety Administration with USDOT Number 247765, and is a business entity organized and existing under the laws of Canada, with its principal place of business at 300 Maple Grove Road, Cambridge, ON N3E 1B7, Canada, and who conducts business in the State of Ohio.

4. Upon information and belief, Defendants John Doe Employer #1 and John Doe Employer #2, were the employers of Defendant Hernaidez Melendez and the owners of the commercial motor vehicle driven by Defendant Hernaidez on October 9, 2019, whose true identity and name are unknown and undiscoverable despite the exercise of reasonable dilligence. This action would have been brought in the true name of John Doe Employers #1 and #2 but for Plaintiff's inability to

3

discover their identities. John Doe Employers #1 and #2 will not be prejudiced by the filing of this action because of their knowledge of the facts giving rise to this action.

5. Defendant Hernaidez Melendez, at all relevant times herein, resided at 11 Banbury Road, London, ON N5Z 5E8, Canada, and conducted business in the State of Ohio by operating a commercial motor vehicle in the course and scope of his employment and/or agency with Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2.

6. At the time of this crash, Defendant Melendez was the operator of the 2013 Volvo semi-truck and trailer and was engaged in the course and scope of employment or agency with Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and was acting as an agent on behalf of those Defendants and/or at their direction and control.

7. Upon information and belief, and at all relevant times herein, it is believed that Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, was/were the employer(s) and/or principal(s) of Defendant Melendez and were responsible for his hiring, training, supervision and retention as an employee, agent, and/or contractor.

8. Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, were at all times responsible for the maintenance, repair, and servicing of the truck Melendez was operating at the time of the subject crash.

9. Defendant Elgin, Challenger, and/or John Doe Employers #1 and/or #2 were the owner(s) of the truck Melendez was operating at the time of the subject crash.

10. Defendant The Insurance Company of the State of Pennsylvania ("ICSP") is an Illinois corporation with its principle place of business in New York. Upon information and belief, ICSP insured Plaintiff Burton and/or Plaintiff Burton's employer under a commercial trucking policy providing UM/UIM coverage and/or medical payments coverage.

11. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation with its principle place of business located in Illinois. Upon information and belief, State Farm insured Plaintiff Burton under a personal automobile policy providing uninsured motorist coverage ("UM"), underinsured motorist ("UIM") coverage and/or medical payments coverage.

12. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and (2), in that there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

13. Venue in this Court is asserted pursuant to 28 U.S.C. §1391 (b) and (c).

## FIRST CAUSE OF ACTION
### (Negligence – Defendant HERNAIDEZ MELENDEZ)

14. Plaintiff Burton fully incorporates herein all the above paragraphs and allegations as though fully rewritten.

15. On or about October 9, 2019 while traveling northeast on Interstate 75, in the Township of Bath, Allen County, Ohio, Defendant Melendez, in the course and scope of his employment with Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, negligently operated his commercial motor vehicle

resulting in the violent collision involving the tractor-trailer operated by Plaintiff Burton.

16. At the time of the October 9, 2019 accident, Defendant Melendez owed a duty of care to the public, to other drivers and motorists, and to Plaintiff Burton to obey state law and state regulations with regard to the safe and lawful operation of a commercial motor vehicle.

17. Defendant Melendez breached these and other duties of that he owed to Plaintiff Burton, in that he negligently and unlawfully:

   a. Failed to operate his commercial motor vehicle in safe and careful manner;

   b. Failed to keep reasonable control of his commercial motor vehicle;

   c. Failed to maintain an assured clear distance ahead;

   d. Failed to maintain a safe speed given traffic conditions, and/or

   e. Otherwise failed to operate his commercial motor vehicle in a safe and/or lawful manner.

18. As a direct and proximate result of Defendant Melendez's negligent and careless actions, Plaintiff Burton suffered permanent, severe and disabling injuries to his body which caused and will continue to cause into the future, physical, mental and emotional pain and suffering, and which required, and will continue to require into the future, medical treatment and past and future medical expenses.

19. As a direct and proximate result of Melendez's negligence and careless actions, Plaintiff Burton has lost, and will continue to lose, the ability to perform everyday activities and enjoy life.

20. As a further result, Plaintiff Burton incurred lost income and will suffer future loss of income and has incurred a loss of earning capacity.

21. As a direct and proximate result of Defendant Melendez's negligent and careless actions Plaintiff Burton suffered permanent, severe, disabling and disfiguring injuries to his body which caused, and will continue to cause into the future, physical, mental and emotional pain and suffering, and which required, and will continue to require into the future, medical treatment and past and future medical expenses.

22. As a direct and proximate result of Melendez's negligence, Plaintiff, Burton has lost and will continue to lose the ability to perform everyday activities and enjoy life.

23. Defendant Melendez's actions demonstrated a conscious disregard for the rights and safety of Plaintiff Burton and the rest of the motoring public, and he acted with reckless indifference to the consequences to others despite being aware of his own conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff Burton demands punitive damages against Defendant Melendez.

**SECOND CAUSE OF ACTION**
(*Negligence Per Se – Defendant HERNAIDEZ MELENDEZ*)

24. Plaintiff Burton fully incorporates herein all the above paragraphs and allegations as though fully rewritten.

25. Defendant Melendez violated state and federal statutes and regulations including, but not limited to:

    a.    O.R.C. 4511.21 Speed limits – assured clear distance;

    b.    O.R.C. 4511.202 Operation without being in reasonable control;

26. Defendant Melendez is negligent *per se*, based on these and other statutory violations.

27. As a result of Defendant Melendez's negligence, Plaintiff Burton suffered and will continue to suffer those damages previously set forth in The First Cause of Action of this Complaint set forth above.

### THIRD CAUSE OF ACTION
(*Negligence and/or Respondeat Superior of Defendant ELGIN MOTOR FREIGHT, INC. and/or Defendant CHALLENGER MOTOR FREIGHT, INC. and/or JOHN DOE EMPLOYERS #1 AND #2*)

28. Plaintiff Burton fully incorporates all the allegations and paragraphs set forth above as though fully rewritten herein.

29. Upon information and belief, and at all relevant times it is believed Defendant Melendez was working within the course and scope of his employment with Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and/or was acting under the direction and/or control of Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and/or as an agent and/or contractor for Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2.

30. At all relevant times Defendant Melendez was the statutory and/or common law employee of Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, who were therefore responsible for his actions by virtue of their common law, statutory, and/or vicarious liability under a theory of *respondeat superior*.

31. As a result of Defendants' negligence described above Plaintiff Burton suffered and will continue to suffer injuries and damages previously set forth in the First Cause of Action of this Complaint.

### FOURTH CAUSE OF ACTION
*(Negligent Hiring, Retention, & Supervision of*
*Defendant HERNAIDEZ MELENDEZ by Defendant ELGIN MOTOR*
*FREIGHT, INC. and/or Defendant CHALLENGER MOTOR FREIGHT, INC. and/or*
*JOHN DOE EMPLOYERS #1 AND #2)*

32. Plaintiff Burton incorporates all the above allegations and paragraphs as though fully rewritten herein.

33. At all relevant times, Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 had a duty to act reasonably in hiring, instruction, training, supervising and retaining its drivers and other employees and agents, including Defendant Melendez and to promulgate and enforce policies, procedures, and rules to ensure its drivers and vehicles were reasonably safe. Based upon information and belief, at all relevant times Defendant Challenger provided human resources, recruiting, hiring, safety and training services to Defendants Elgin and/or John Doe Employers #1 and #2.

34. Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 failed in the above-mentioned duties and was/were therefore negligent.

35. The negligence of Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 was a direct and proximate cause of Plaintiff Burton's injuries and the damages described in the First Cause of Action of this Complaint.

36. The actions of Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 demonstrated a conscious disregard of the rights and safety of Plaintiff

Burton and the rest of the motoring public, and were taken with reckless indifference to the consequences to others despite being aware of their conduct and their driver's conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff Burton demands punitive damages against Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2.

**FIFTH CAUSE OF ACTION**
*(Negligent Entrustment by Defendant ELGIN MOTOR FREIGHT, INC. and/or Defendant CHALLENGER MOTOR FREIGHT, INC. and/or JOHN DOE EMPLOYERS #1 AND #2)*

37. Plaintiff Burton incorporates all above allegations and paragraphs as though fully rewritten herein.

38. At all relevant times Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 owned the motor vehicle operated by Defendant Melendez.

39. Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

40. Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 negligently entrusted the care, custody and control of their tractor and trailer to Defendant Melendez when they knew or should have known of the probability Defendant Melendez would negligently operate their vehicle.

41. As a direct and proximate result of the Defendants' negligence described above, Plaintiff Burton has suffered and will continue to suffer those injuries and damages previously set forth in the First Cause of Action in this Complaint.

42. Defendants' actions demonstrated a conscious disregard of the rights and safety of Plaintiff Burton and the rest of the motoring public, and were taken with reckless

indifference to the consequences to others despite being aware of their conduct and their driver's conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

**SIXTH CAUSE OF ACTION**
*(Negligent Maintenance Defendant HERNAIDEZ MELENDEZ, Defendant ELGIN MOTOR FREIGHT, INC. and/or Defendant CHALLENGER MOTOR FREIGHT, INC. and/or Defendants JOHN DOE EMPLOYERS #1 AND #2)*

43. Plaintiff Burton incorporates all above allegations and paragraphs as though fully rewritten herein.

44. At all relevant times herein Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and Defendant Melendez had a duty to exercise reasonable care in maintaining vehicles, which they or their agents/employees/bailees used on public roadways including tractors and trailers.

45. Further, Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and Defendant Melendez had a duty to exercise reasonable care in providing a tractor and trailer that was mechanically safe for use on public highways and was properly loaded.

46. Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2, and Defendant Melendez were negligent in maintaining the tractor and/or trailer and/or those Defendants were negligent in providing a safe tractor and/or trailer.

47. The negligence of Defendants Elgin, Challenger, and/or John Doe Employers #1 and/or #2 was a direct and proximate cause of Plaintiff Burton's injuries and the damages described in the First Cause of Action of this Complaint.

## SEVENTH CAUSE OF ACTION
*(Declaratory Judgment Defendant ICSP and Defendant STATE FARM)*

48. Plaintiff Burton incorporates all above allegations and paragraphs as though fully rewritten herein.

49. Upon information and belief, Plaintiff Burton was an insured for purposes of UM/UIM and/or medical payments coverage afforded under insurance policies issued by Defendants ICSP and State Farm.

50. The injuries and damages sustained by Plaintiff Burton fall within the insuring agreements for such coverage under each policy.

51. Plaintiff Burton has satisfied all terms and conditions of coverage under each policy.

52. Plaintiff Burton's claims for UIM and medical payments coverage are not precluded by the policies' exclusions.

53. Plaintiff Burton is entitled to medical payments coverage for medical bills incurred as a proximate result of the crash up to the limits of such coverage.

54. Plaintiff Burton is entitled to UIM coverage up to the limits of such coverage for damages proximately caused by the crash in excess of coverage available to Plaintiff Burton under automobile liability policies issued to Defendant Melendez, Elgin Motor, Challenger, and/or John Doe Employers #1 and #2.

55. Plaintiff Burton is entitled to UM coverage for damages proximately caused by the crash to the extent Defendants Melendez, Elgin Motor, Challenger, and/or John Doe Employers #1 and #2 demonstrate that crash was proximately caused by an unknown third party.

WHEREFORE, Plaintiff Alvin Burton demands judgment against Defendants Melendez, Elgin Motor, Challenger, and/or John Doe Employers #1 and #2 as follows:

    a.    Compensatory damages in excess of $75,000.00 for personal injuries, past and future pain and suffering, past and future loss of enjoyment of life, past and future medical care, past and future lost wages and income, other non-economic and economic damages, and personal property damages suffered in the crash of October 9, 2019;

    b.    Punitive damages against each and all of the Defendants;

    c.    Attorney's fees, costs, interests, and any other relief, which this Court deems, appropriate under the circumstances.

Plaintiff Alvin Burton further demands judgment against Defendants ICSP and State Farm declaring as follows:

    a.    Plaintiff Burton is an insured for purposes of medical payments coverage afforded under each policy;

    b.    Medical bills incurred by Plaintiff Burton as a proximate result of the crash fall within the insuring agreements for each policy's medical payments coverage;

    c.    Plaintiff Burton has satisfied all terms and conditions of the medical payments coverage afforded under each policy;

    d.    Plaintiff Burton's claim for medical payments coverage is not precluded by the policies' exclusions;

    e.    Plaintiff Burton is entitled to medical payments coverage under each policy for medical bills proximately caused by the crash up to the limits

of such coverage;

f. Plaintiff Burton is an insured for purposes of UM/UIM coverage afforded under each policy;

g. Damages for bodily injury Plaintiff Burton sustained as a proximate result of the crash fall within each policy's insuring agreement for UM/UIM coverage;

h. Plaintiff Burton has satisfied all terms and conditions of the UM/UIM coverage afforded under each policy;

i. Plaintiff Burton's claim for UM/UIM coverage is not precluded by the policies' exclusions;

j. Plaintiff Burton is entitled to UIM coverage under each policy up to the limits of such coverage for damages sustained as a result of the crash in excess of liability coverage available to Plaintiff Burton under policies issued to Defendant Melendez, Elgin Motor, Challenger, and/or John Doe Employers #1 and #2;

k. Plaintiff Burton is entitled to UM coverage under each policy up to the limits of such coverage for damages sustained as a result of the crash to the extent Defendant Melendez, Elgin Motor, Challenger, and/or John Doe Employers #1 and #2 apportion fault for such damages to an unknown third party.

Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**

*/s/John J. Reagan*
John J. Reagan (0067389)
Christopher J. Van Blargan (0066077)
3412 West Market Street
Akron, Ohio 44333
PH: (330) 869-9007 FAX :( 330) 869-9008
Email: reagan@knrlegal.com
         CVanBlargan@knrlegal.com

and

*/s/ Nomiki P. Tsarnas*
Nomiki P. Tsarnas (0076134)
22 E. McKinley Way, Suite A
Poland, OH 44514
PH: (330) 729-1090 FAX: (330)869-9008
Email: tsarnas@knrlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/John J. Reagan*
John J. Reagan (0067389)
Nomiki P. Tsarnas (0076134)
Christopher J. Van Blargan (0066077)
*Attorneys for Plaintiff*

15