UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alvin D. Burton,                                                      Case No. 3:21-cv-1853

              Plaintiff,

v.                                                                          ORDER

Elgin Motor Freight, Inc., et al.,

              Defendants.

On October 10, 2022, Alabama Trucking Association, Inc. filed a motion to intervene under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B) to protect its subrogation rights arising from worker's compensation payments paid to Plaintiff. (Doc. No. 30). This motion was unopposed. For the reasons stated below, the motion is granted.

The accident that gave rise to the lawsuit occurred during the course and scope of Plaintiff's employment and subsequently resulted in Plaintiff making a claim against his employer's worker's compensation provider, Alabama Trucking Association, for the reimbursement of medical expenses and lost wages. (Doc. No. 30-1). The Alabama Trucking Association represents it has paid out benefits to Plaintiff and anticipates making further payments to Plaintiff under his claim. (*Id.* at 2). Accordingly, Alabama Trucking Association seeks to intervene to protect its subrogation interest in Plaintiff's recovery against Defendants.

Pursuant to Rule 24(a)(2), a third party may intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless

the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "An intervening party must establish four elements: '(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Schmid v. Bui*, No. 5:19-CV-1663, 2020 WL 377821, at *1 (N.D. Ohio Jan. 22, 2020) (quoting *Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

This motion is timely as discovery has not been completed and no substantive rulings have been made in the litigation. Further, the intervention of Alabama Trucking Association to protect its subrogation or lien interest will not delay completion of discovery or prejudice the existing parties. *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982) (whether a motion to intervene is timely is within the discretion of the trial court).

Alabama Trucking Association has identified a substantial legal interest in this matter by asserting a statutory subrogation claim arising from worker's compensation benefits paid to Plaintiff. *See* Ala. Code § 25-5-11(a) (2010); *see also Automotive Wholesalers of Ala. v. Kruetzer*, 796 So.2d 1110, 1113 (Ala. Ct. App. 2000) (finding the statute required the worker's compensation carrier to seek reimbursement from the employee's recovery from the tortfeasor). Further, Alabama Trucking Association argues "any disposition of the instant litigation without its participation could compromise [its] recovery interest." (Doc. No. 30-1 at 4). I agree that Alabama Trucking Association's subrogation rights are at risk of exclusion from any judgment or settlement if intervention is not granted. *Schmid,* 2020 WL 377821, at *4 (quoting *Miller*, 103 F.3d at 1247) (to satisfy the third element, an "[i]ntervenor need only show 'that impairment of its substantial legal interest is possible if intervention is denied.'").

Lastly, I find that Alabama Trucking Association's subrogation interest is not adequately represented by the present parties to the litigation. Although both Plaintiff and Alabama Trucking

2

Association seek to maximize recovery against the tortfeasor, their interests are not completely aligned as Plaintiff may argue against the amount of Alabama Trucking Association's subrogation lien.  *See Schmid,* 2020 WL 377821, at *4 (collecting cases that approved intervention by insurers to protect their subrogation rights).

    Accordingly, I conclude that Alabama Trucking Association has satisfied the elements to intervene as a matter of right under Rule 24(a)(2), and its motion to intervene is granted.  (Doc. No. 30).  Alabama Trucking Association shall file their intervenor complaint on the docket forthwith.  (Doc. No. 30-2).  Furthermore, counsel for Alabama Trucking Association shall appear for the telephone status conference scheduled for 12:30 PM on November 9, 2022, with counsel to call the court's bridge line at 877-411-9748, access code 1231873.

    So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge