UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alvin Burton,                                             Case No. 3:21-cv-1853

        Plaintiff,

v.                                                        MEMORANDUM OPINION
                                                          AND ORDER

Elgin Motor Freight, *et al.*,

        Defendants.

## I.  INTRODUCTION

Defendants Elgin Motor Freight, Challenger Motor Freight, Inc., and Hernaidez E. Melendez filed a motion for partial summary judgment, arguing Plaintiff Alvin Burton cannot establish that one of the exceptions to Ohio's cap on non-economic damages applies in this case. (Doc. No. 43).  Burton filed a brief in opposition, (Doc. No. 44), and Defendants filed a brief in reply.  For the reasons stated below, I deny Defendants' motion.

## II.  BACKGROUND

On October 9, 2019, a truck driven by Alvin Burton was struck from behind by a tractor-trailer driven by Hernaidez Melendez, while Burton was stopped in track on Interstate 75 outside of Lima, Ohio.  Burton, whose truck was pushed into a third truck in front of him, suffered serious injuries to portions of his lumbar and cervical spine.  Burton required surgery as a result, including an anterior cervical discectomy and fusion involving his C5, C6, and C7 vertebra and a lumber decompression and discectomy involving his L4, L5, and S1 vertebra.  (Doc. No. 44-2 at 22-26).

The surgeries left Burton with two permanent scars, and the combination of his injuries and surgeries have resulted in limited range of motion in Burton's neck and lower back. (*Id.* at 32-34). Burton also likely will need additional surgeries in the future. (*See id.* at 38-39; Doc. No. 44-3 at 9-10).

Dr. Sukhjit S. Purewal, an orthopedic surgeon retained by Defendants, performed an independent medical examination on Burton. Burton's degree of neck extension was 15 degrees, compared to a typical degree of extension of up to 45 degrees, while his neck flexion was 30 degrees, compared to a typical degree of flexion of up to 60 degrees. (Doc. No. 44-2 at 32). In total, Dr. Purewal determined Burton "had approximately 50 to 60 percent of range of motion overall of the neck." (*Id.*). Similar, Dr. Purewal determined Burton's range of motion in his lumbar spine was approximately 50 percent of normal. (*Id.* at 33). Dr. Purewal, who also is a member of the Disability Evaluation Physicians Panel of the Ohio Bureau of Workers' Compensation, opined that Burton likely would not be able to return to his job as a commercial truck driver due to his range of motion and lifting limitations following his spinal fusion and discectomies. (*Id.* at 40).

On September 29, 2021, Burton filed suit against Melendez, Elgin Motor, and Challenger Motor, alleging a variety of negligence claims against those Defendants.[1] Defendants seek a ruling that Burton's claim for non-economic damages arising out of their alleged negligence is subject to a statutory limit set forth in Ohio Revised Code § 2315.18(B).

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

---

[1] Burton also sued two insurance companies – the Insurance Company of the State of Pennsylvania and State Farm Mutual Automobile Insurance Company – from whom he had obtained personal and professional uninsured/underinsured motorist policies. (*See* Doc. No. 1 at 5). Those Defendants previously were dismissed from this litigation without prejudice. (Doc. No. 26).

2

All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Ohio law generally imposes a cap on the amount of non-economic damages a plaintiff may recover in a tort action. Section 2315.18 provides that the amount of non-economic damages:

> shall not exceed the greater of two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact, of the plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action or a maximum of five hundred thousand dollars for each occurrence that is the basis of that tort action.

Ohio Rev. Code § 2315.18(B)(2).

There are two enumerated exceptions to this general rule – if the plaintiff's non-economic damages are for either: (1) a permanent and substantial physical deformity, the loss of use of a limb, or the loss of a bodily organ system; or (2) a permanent physical functional injury that permanently prevents the injured person from being able to independently care for himself or herself and to perform life-sustaining activities. Ohio Rev. Code § 2315.18(B)(3). At this stage of the proceeding, my role "is limited to the threshold determination of whether there is sufficient evidence to submit the issue of the nature of the injury to the jury." *Ohle v. DJO Inc.*, No. 1:09-CV-02794, 2012 WL 4505846, at *3 (N.D. Ohio Sept. 28, 2012).

Burton contends the damages cap should not apply because he has a "permanent and substantial physical deformity" due to the surgical scarring, the permanent structural changes to his

3

spine, and the observable limitations in his range of motion. (*See* Doc. No. 44 at 5). I conclude Burton has identified sufficient evidence from which a reasonable jury could find in his favor on this issue.

As the parties note, the Ohio legislature did not define the phrase "permanent and substantial physical deformity," leaving that term subject to judicial interpretation. The Supreme Court of Ohio has stated that the exceptions found in § 2315.18(B)(3) involve "catastrophic injuries" and provide appropriate remedies for "individuals whose pain and suffering is traumatic, extensive, and chronic." *Arbino v. Johnson & Johnson*, 880 N.E.2d 420, 435 (Ohio 2007). Some federal courts have concluded that "'catastrophic injures' may include misshapen or distorted conditions, restricted use of body parts, and significant scarring." *Setters v. Durrani*, 164 N.E.3d 1159, 1170 (Ohio Ct. App. 2020) (citing cases).

*Setters*, along with two other cases from Ohio appellate courts, provides useful parameters. In *Setters*, the plaintiff suffered injuries from an unnecessary surgery, including a significant restriction in her range of motion in her neck and an inability to keep her head up straight due to an abnormal cervical posture. *Id.* at 1170-71. The Court of Appeals of Ohio for the First District held this "was sufficient evidence to submit the issue of 'permanent and substantial physical deformity' to the jury." *Id.* at 1171. In *Johnson v. Stachel*, decided a few months before *Setters*, the Fifth District Court of Appeals held the permanent shortening of the plaintiff's leg and the removal of his hip joint, which rendered his hip non-weight bearing, constituted "a structural change to his skeletal system" that was sufficient evidence of a physical and substantial physical deformity. 154 N.E.3d 577, 597 (Ohio Ct. App. 2020).

Finally, in *Adams v. Durrani*, the First District Court of Appeals concluded "[t]he permanent physical changes made to Adams's spine and the restriction of movement in her neck provided sufficient evidence for the jury to find that Adams suffered a 'permanent and substantial physical

4

deformity.'" 183 N.E.3d 560, 574 (Ohio Ct. App. 2022). In that case, the plaintiff had "almost completely lost the ability to rotate her head side to side . . . [and] developed a raspy voice and difficulty swallowing . . . [as] a result of the surgery." *Id.*

Thus, Ohio appellate courts have suggested that, like Burton, a plaintiff's injury can constitute a permanent and substantial physical deformity if it substantially restricts his ability to move his neck and back on an ongoing basis. Viewed in the light most favorable to him, Burton's injuries and resulting physical restrictions are sufficient to create a question of fact as to whether his degree of deformity is sufficient to count as "permanent and substantial," especially where, as here, Burton is unable to return to work and will likely require additional surgeries. It appears true that Burton's condition is not as severe as those faced by the plaintiffs in *Johnson*, *Setters*, *Adams*, and other cases. But at this stage of the proceedings, the question is whether a reasonable jury could find in Burton's favor, not whether it will. Defendants have not met their burden to show the absence of a question of material fact. Therefore, I conclude they are not entitled to summary judgment on this issue.

## V. CONCLUSION

For the reasons stated above, I deny Defendants' motion for partial summary judgment. (Doc. No. 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge